IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELISHA RENA MIDDLETON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2647-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Telisha Rena Middleton seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed in all respects.

## Background

Plaintiff alleges that she is disabled due to a variety of ailments, including multiple strokes, congestive heart failure, and lupus. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 30, 2012. At the time of the hearing, Plaintiff was 36 years old. She completed the twelfth grade and has past work experience as a home health aide, convenience store cashier, telemarketer, cashier checker, and lead person/department supervisor. Plaintiff has not engaged in substantial gainful activity since October 12, 2010.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered severe impairments of systemic lupus erythematosus and history of left upper extremity weakness status post cerebrovascular accident, the ALJ concluded that the combination of impairments did not meet or equal the severity of any impairment listed in the Social Security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform work within the light occupational job base, including serving as a ticket seller, office helper, or outside deliverer.

Plaintiff appealed that decision to the Appeals Council. The Council denied Plaintiff's request for review, and the ALJ's decision became final.

Plaintiff then filed this action in federal district court. Plaintiff argues that the ALJ committed reversible error by failing to apply the appropriate legal standard, set forth by *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985), in Step 2 of the Sequential Analysis, and that his Step 5 finding that Plaintiff can perform light level jobs that exist in significant numbers in the regional or national economy is not supported by substantial evidence.

The Court determines that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the

regulations. The hearing officer must make this determination using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

<u>There is No Reversible Error under *Stone v. Heckler.*</u>

Plaintiff argues that the ALJ committed a *Stone* error by citing and apparently applying the statutory definition of "severe" – stating that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical and other

evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." Dkt. No. 14-3 at 14 (citing 20 C.F.R. §§ 404.1521 & 416.921; SSR 85-28, 96-3p, & 96-4p).

At Step 2, the primary analysis is whether a claimant's impairment, or combination of impairments, is severe, irrespective of age, education, or work experience. *See Stone*, 752 F.2d at 1100. In *Stone*, the Fifth Circuit "construed the current regulation as setting the following standard in determining whether a claimant's impairment is severe: '[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Id.* at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In making a severity determination, the ALJ must set forth the correct standard by reference to Fifth Circuit opinions or by an express statement that the Fifth Circuit's construction of the regulation has been applied. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *See Hampton*, 785 F.2d at 1311. That is, the presumption may be rebutted by a showing that the ALJ applied the correct legal standard,

regardless of the ALJ's recitation of the severity standard, or that the ALJ's application of the incorrect standard was harmless. *See Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D. Tex. Sept. 4, 2012), *rec. adopted*, 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012); *see also Taylor v. Astrue*, No. 3:10-cv-1158-O-BD, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *rec. adopted,* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011) (applying harmless error analysis in *Stone* error cases).

In his decision, the ALJ did not refer to *Stone* and instead set forth the severity standard that reflects the regulations set forth by 20 C.F.R. § 416.920(c). *See* Dkt. No. 14-3 at 14. His language is similar or identical to that at issue in *Lacy v. Colvin*, No. 3:13-cv-1312-BN, 2013 WL 6476381, at *8 (N.D. Tex. Dec. 10, 2013), and *Sanders v. Astrue*, No. 3:07-cv-1827-G-BH, 2008 WL 4211146, at *7 (N.D. Tex. Sept. 12, 2008). In *Sanders*, as in the instant case, the ALJ made no reference to *Stone* but stated that an "impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities <u>that would have no more than a minimal effect on an individual's ability to work</u>." *Id.* (emphasis in original). The court in *Sanders* reasoned that this language indicated that the impairment could have, "at most, a minimal effect on a claimant's ability to work." *Id.* Because the standard set forth in *Stone* "provides no allowance for a minimal interference on a claimant's ability to work," the language in *Sanders* was not a proper recitation of the severity standard. *Id.*

As in *Sanders*, the standard recited by the ALJ here allows for a minimal effect on the claimant's ability to work. The *Stone* severity standard does not allow for <u>any</u> interference with work ability – even minimal interference. *See Scroggins v. Astrue*,

598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris*, 2012 WL 4468185, at *5. The ALJ therefore erred because he did not actually state the same standard mandated by *Stone*.

In the past, this would be grounds for automatic remand because it constituted a legal error. *See, e.g.*, *Scroggins*, 598 F. Supp. 2d at 806-07; *Sanders*, 2008 WL 4211146, at *8. More recently, however, courts have not automatically remanded such cases. *See, e.g.*, *Lacy*, 2013 WL 6476381, at *8; *Rivera v. Colvin*, No. 3:12-cv-1748-G-BN, 2013 WL 4623514, at *6 (N.D. Tex. Aug. 28, 2013); *Easom v. Colvin*, No. 3:12-cv-1289-N-BN, 2013 WL 2458540, at *4-*6 (N.D. Tex. June 7, 2013). Rather, the presumption that legal error occurred based on the incorrect wording of the standard may be rebutted by a showing that the correct legal standard was actually applied by the ALJ, *see Morris*, 2012 WL 4468185, at *9, or that the error was harmless, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Many courts have presumed that the *Stone* error is harmless where the analysis continues beyond Step 2. *See, e.g.*, *Lederman v. Astrue*, 829 F. Supp. 2d 531, 539 (N.D. Tex. 2011).

Here, Plaintiff suggests that the error cannot be harmless because the ALJ did not consider certain alleged impairments – headaches, congestive heart failure, joint pain, high blood pressure, right eye vision loss, blurry vision, mild depression, numbness in the left arm, and obesity – after Step 2 of the Sequential Analysis. *See* Dkt. No. 19 at 7-10. That is, according to Plaintiff the failure to apply the proper *Stone* standard was not harmless, since the ALJ did not consider these impairments in Step 4 or Step 5 and possibly found them non-severe based upon the incorrect standard for severity. *See id.* at 9.

However, under either analysis – rebutting the presumption or reviewing for harmless error – substantial evidence supports the ALJ's findings. Even though the ALJ misstated the *Stone* severity standard, Plaintiff has failed to cite objectively reliable evidence in the record to establish that these alleged impairments resulted in functional limitations. The fact that Plaintiff was diagnosed with or suffered from these conditions – or that they are mentioned in her medical records – does not compel the determination that they represent severe and limiting impairments. The records are entirely consistent with a *Stone* finding of nonseverity. Simply put, there is no evidence that Plaintiff's impairments of headaches, congestive heart failure, joint pain, high blood pressure, right eye vision loss, blurry vision, mild depression, numbness in the left arm, or obesity rendered Plaintiff unable to work. Indeed, the ALJ's decision thoroughly reviewed and cited the medical record before him. *See* Dkt. No. 14-3 at 16-19.

This is not a situation in which the ALJ cited the incorrect severity standard and then ignored medical records that would support a finding of severity. *See, e.g., Scott v. Comm'r*, No. 3:11-cv-152-BF, 2012 WL 1058120, at *7-*8 (N.D. Tex. Mar. 29, 2012); *Scroggins*, 598 F. Supp. 2d at 805-06; *Sanders*, 2008 WL 4211146, at *7. Rather, the ALJ stated a severity standard that has been held to be incorrect but nonetheless examined the medical records and demonstrated that there was no evidence dictating an impairment that would prevent Plaintiff from engaging in substantial gainful activity. *See* Dkt. No. 14-3 at 17-19 & 23. The ALJ reviewed and considered Plaintiff's testimony and discussed many of her medical records in his RFC determination, detailing her hospital and doctor visits related to her headaches, left upper extremity

weakness, left leg weakness, lupus, congestive heart failure, strokes, high blood pressure, obesity, chest pain, and swelling of the left hand. *See id.*

Substantial evidence therefore supports the ALJ's finding that the impairments were not severe. As such, even though the ALJ invoked an incorrect recitation of the severity standard, a review of the record as a whole reveals that any error in applying or not applying the *Stone* standard was harmless. *See Taylor*, 706 F.3d at 603. The Court will not order remand simply because the ALJ did not use the "magic words" in his analysis. The ALJ did consider Plaintiff's alleged deficits and incorporated some of the limitations into his RFC determination.

Accordingly, remand is not required on this ground.

<u>The ALJ Did Not Err in His Step 5 Findings.</u>

Plaintiff contends that the ALJ's finding that she can perform a significant number of light level jobs is not supported by substantial evidence, because Vocational Expert ("VE") Joyce Shoup did not provide the actual numbers of the subset of jobs that she identified as representing those that a person with Plaintiff's RFC can perform. The VE testified that an individual with Plaintiff's RFC can perform "approximately 25 percent or a fourth of the light unskilled jobs" existing in the regional or national economy, which include ticket seller, office helper, and outside deliverer. *See* Dkt. No. 14-3 at 49-51. Although Shoup did not estimate the actual number of example jobs that exist in the regional or national economy, she estimated that an individual matching Plaintiff's limitations can perform a subset of light unskilled jobs comprising approximately 200,000 jobs in Texas and 2,000,000 jobs in the United States. *See id.* at 49-50.

Plaintiff faults the VE for failing to explicitly state the number of ticket seller, office helper, and outside deliver jobs that are available to her and contends that substantial evidence therefore does not support the ALJ's finding that "[c]onsidering the claimants age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Dkt. No. 14-3 at 23.

If, as here, the claimant proves at Step 4 that she is unable to return to her past relevant work, the Commissioner has the burden at Step 5 to prove that the claimant can engage in some other kind of substantial gainful work that exists in the national economy, that is, work that exists in significant numbers either in the region where the claimant lives or in several regions of the country. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(f)-(g), 416.966(a). The regulations specifically state that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [the claimant's] physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b).

Typically, a vocational expert is called to testify because of her familiarity with job requirements and working conditions. *See Vaughan v. Shalala,* 58 F.3d 129, 132 (5th Cir. 1995); *Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir. 1986). The value of a vocational expert is her familiarity with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. *See Vaughan*, 58 F.3d at 132; *Fields*, 805 F.2d at 1170.

Using that expertise, Shoup testified about work available for someone with Plaintiff's RFC, the number of jobs that would be available, and the consistency of her testimony with published vocational resources. Even if the VE's testimony could have been more precise, there must be substantial prejudice to justify disturbing the ALJ's decision. *See Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988); *see also Lugo v. Astrue*, No. 4:08-cv-301-Y, 2009 WL 454135, at *15 (N.D. Tex. Feb. 23, 2009). It is not enough to show that the VE's testimony was imprecise; the testimony must be shown to be unreliable to establish substantial prejudice. *See Lugo*, 2009 WL 454135, at *15.

The ALJ here posed a hypothetical question to the VE in which he incorporated Plaintiff's demographic information and residual functional capacity and asked whether such an individual would be capable of performing any jobs in the relevant economy. *See* Dkt. No. 14-3 at 49-50. The VE testified that such jobs existed in substantial numbers in the national and regional economy, including but not limited to the jobs of ticket seller, office helper, and outside deliverer. *See id.* at 49-51. The VE testified that the <u>total</u> number of jobs that such a claimant could perform is 2,000,000 in the United States and 200,000 in Texas. *See id.* at 50.

Once the Commissioner identifies alternative work the claimant can perform, the burden then shifts back to the claimant to show that she cannot do the identified work. *See Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir. 1987)); *see also Griffin v. Astrue*, No. 5:09-cv-44-C, 2010 WL 597817, at *4 (N.D. Tex. Feb. 19, 2010). Plaintiff has not shown that she is incapable of performing the jobs that the VE identified.

Although the VE did not specify the number of jobs available as a ticket seller, office helper, or outside deliverer, there is no indication that such a number is so small as to fail to rise to the level of substantial. *See, e.g.*, *Eason v. Astrue*, No. 08-cv-440, 2009 WL 278965, at *3 (W.D. La. Feb. 5, 2009) (finding failure to ask for VE testimony and identify specific jobs listed in the Dictionary of Occupational Titles that were not precluded by the limitations at issue harmless error since restrictions would not appear eliminate many jobs of which there are significant numbers in the relevant economy). That is, the simple fact that the VE did not quantify the specific number of jobs available does not establish substantial error in the ALJ's finding that Plaintiff could in general perform work which exists in significant numbers in the Texas and national economies. *See Hollan v. Apfel*, No. 3:00-cv-2-H, 2001 WL 180151, at *8 (N.D. Tex. Feb. 20, 2011) ("the pertinent finding at issue is not that Plaintiff could perform a specific number of available machine tender jobs, but rather that she could in general perform work which exists in significant numbers in the Texas and national economies.").

Accordingly, the ALJ's Step 5 finding was based on substantial evidence.

## Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: March 21, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE